UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

San Juana Rodriguez  
    *Plaintiff*,

v.

CVS Pharmacy, Inc.,  
    *Defendant*.

Civil Action No. 1:23-cv-006

JURY DEMANDED

## Plaintiff's First Amended Complaint

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW **SAN JUANA RODRIGUEZ**, Plaintiff herein, complaining of and about CVS PHARMACY, INC., Defendant herein, and, for cause of action, Plaintiff would show the following:

### I. Parties

1. Plaintiff, San Juana Rodriguez a, is an individual residing in Cameron County, Texas.

2. Defendant, CVS Pharmacy, Inc. is a foreign limited liability company organized under the laws of the state of Rhode Island and doing business in the state of Texas. Its principal office is located at 1 CVS DR, Woonsocket, RI 02895. It may be served with process in Texas by serving its registered agent, CT Corporation System, at 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

### II. Jurisdiction and Venue

3. The events forming the basis of this suit occurred in the Southern District of Texas in Cameron County, Texas. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

4. Plaintiff denies that this Court has jurisdiction. It is unclear whether Plaintiff's damages exceed $74,999.00.

### III. General Allegations

5. Plaintiff. **SAN JUANA RODRIGUEZ**. is a 45-year-old woman who was formerly employed

by Defendant, **CVS PHARMACY, INC.**, as a Pharmacy Lead Technician. She was hired by **CVS** on or about April 4, 2017, and was employed at the pharmacy located in South Padre Island, Texas.

6. On or about April, 2019, **RODRIGUEZ** suffered a workplace injury while using scissors to cut tie wraps that were really tight on a cardboard box. **RODRIGUEZ** suffered a laceration to her left wrist which required her to undergo multiple surgeries, including one in Edinburg, Texas. Due to her injury and physician recommendations, **RODRIGUEZ** had to be out from work for several months.

7. After **RODRIGUEZ** was cleared to return to work with certain restrictions which did not impede her from performing her job duties,[1] **RODRIGUEZ** submitted an accommodation request to **CVS** so that she could resume working again. **RODRIGUEZ's** reasonable accommodations request was continuously ignored by **CVS** until, on May 18, 2021, **CVS**, through Pharmacist-In-Charge Scott Bonham, informed **RODRIGUEZ** that her position was no longer available for her but that she was welcome to apply for other positions. **RODRIGUEZ** applied for several positions, but she was not re-hired by **CVS**.

8. **RODRIGUEZ** has obtained new employment; however, she was unemployed for months. **RODRIGUEZ** was able to mitigate her damages by seeking new employment, but she still suffered injury in that she has not earned what she would have earned had **CVS** not unlawfully discriminated against her.

### IV. Claims

9. The following claims are alleged jointly and/or alternatively, with consistent and/or inconsistent facts and remedies. The claims are as follows:

---

[1] **RODRIGUEZ** was found to have a permanent disability of 10% of her left hand, but she could still complete her job duties if provided accommodation.

### A. Unlawful Employment Discrimination Under Chapter 21 of the Texas Labor Code

10. **SAN JUANA RODRIGUEZ** incorporates the allegations contained in section IV. above as if fully set forth herein.

11. **SAN JUANA RODRIGUEZ** sues **CVS** for unlawful employment discrimination in violation of Chapter 21 of the Texas Labor Code. **CVS** violated Chapter 21 of the Texas Labor Code, and such violation resulted in damages to **SAN JUANA RODRIGUEZ**.

12. **CVS** discriminated against **SAN JUANA RODRIGUEZ** by terminating her employment due to her age and/or disability.

13. **SAN JUANA RODRIGUEZ** is a member of a protected class; she is a person over the age of forty (40) and a person with a disability.[2] **SAN JUANA RODRIGUEZ** was qualified for the position she held as **CVS's** Pharmacy Lead Technician. She, however, was treated less favorably than other similarly situated but who are younger than she and/or who are not disabled.

14. **SAN JUANA RODRIGUEZ** suffered an adverse employment action in that she was discharged by **CVS** on or about May 18, 2021. **SAN JUANA RODRIGUEZ** also suffered an adverse employment action in that **CVS** refused to hire her due to her age and/or disability.

15. There was no legitimate or non-discriminatory reason for the adverse employment action taken against **SAN JUANA RODRIGUEZ**. **CVS's** reason(s) for its adverse employment action(s) against **SAN JUANA RODRIGUEZ** were mere pretext for discrimination, and, even if **CVS's** reason(s) is(were) true to some degree—which **SAN JUANA RODRIGUEZ** denies—unlawful discrimination was a motivating factor for such action(s).

16. **SAN JUANA RODRIGUEZ** seeks compensatory and punitive damages, including damages

---

[2] The Texas Labor Code defines "disability" as, "with respect to an individual, a mental or physical impairment that substantially limits at least one major life activity of that individual, a record of such an impairment, or being regarded as having such an impairment." Tex Lab. Code Ann. § 21.002(6).

under Section 21.2585 of the Texas Labor Code. **SAN JUANA RODRIGUEZ** seeks damages for emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life. **SAN JUANA RODRIGUEZ** seeks backpay and interest on backpay. **SAN JUANA RODRIGUEZ** seeks her costs and attorney's fees, including compensation for expert fees, pursuant to the authority of Section 21.259 of the Texas Labor Code.

17. **SAN JUANA RODRIGUEZ** has exhausted all administrative prerequisites to bringing this action.

18. On or about September 8, 2021, **SAN JUANA RODRIGUEZ** submitted her verified Employment Discrimination Complaint Form with the Texas Workforce Commission on Civil Rights Division ("TWC").

19. Thereafter, on or about March 8, 2022, **SAN JUANA RODRIGUEZ** filed with the TWC an Employment Charge of Discrimination.

20. The TWC issued a Notice of Dismissal and Right to File Civil Action on September 20, 2022.

21. **SAN JUANA RODRIGUEZ** is bringing this action within sixty (60) days of receiving the TWC's Notice of Dismissal and Right to File Civil Action.

   B. **Reservation of Rights**

22. Plaintiff, **SAN JUANA RODRIGUEZ**, hereby reserves the right to bring such other and further claims as she deems appropriate.

## V. Jury Demand

23. Plaintiff, **SAN JUANA RODRIGUEZ**, demands a trial by jury and has tendered the appropriate fees.

## VI. Prayer

24. WHEREFORE, PREMISES CONSIDERED, Plaintiff, **SAN JUANA RODRIGUEZ**, respectfully prays that Defendant, **CVS PHARMACY**, be cited to appear and answer, and that,

upon trial of this lawsuit, Plaintiff recover from Defendant all damages as requested hereinabove, including actual damages, exemplary damages, costs of court, attorney's fees, pre- and post-judgment interest, and all such other and further relief to which Plaintiff may be justly entitled.

Respectfully Submitted,

/s/ *Sergio S. Garza*
SERGIO S. GARZA
State Bar No. 24105988

SERGIO S. GARZA LAW FIRM, P.L.L.C.
809 E. Esperanza Ave., Ste. A
McAllen, Texas 78501
Tel.: 956.540.7076
Email: office@sergio.law

**COUNSEL FOR PLAINTIFF**

### Certificate of Service

I certify that a true and correct copy of the foregoing instrument has been served on all counsel of record by notice of electronic filing on February 1, 2023, to wit:

Jessica L. Craft
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010

/s/ *Sergio S. Garza*
SERGIO S. GARZA