UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SAN JUANA RODRIGUEZ, Plaintiff | § § § § | |
| v. | § § § § | Civil Action No. 1:23-cv-006 |
| CVS PHARMACY, INC., Defendant | § § § | |

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Court is in receipt of Plaintiff San Juana Rodriguez's Motion to Remand, Defendant CVS Pharmacy, Inc.'s (hereinafter, "Defendant" or "CVS") Response, and Plaintiff's Supplement and Reply. Dkt. Nos. 8, 11-13. The Court is also in receipt of Defendant's Motion to Dismiss and Plaintiff's Response. Dkt. Nos. 9, 14. For the reasons provided below, it is recommended that the Court: (1) **DENY** Plaintiff's Motion to Remand; (2) **GRANT** Defendant's Motion to Dismiss; (3) **DISMISS** all of Plaintiff's claims; and (4) **DIRECT** the Clerk of Court to **CLOSE** this case.

## I. Jurisdiction

This Court has federal diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## II. Procedural History

On November 10, 2022, Rodriguez filed suit in the 444th Judicial District Court for Cameron County, Texas (Cause No. 2022-DCL-05405/70077265), alleging unlawful employment discrimination against CVS (hereinafter, the "Original Petition"). *See* Dkt. No. 1-2. On January 11, 2023, CVS removed the case pursuant to 28 U.S.C. §§ 1332, 1441,

1

and 1446. Dkt. No. 1. On January 18, 2023, CVS filed a Motion to Dismiss based on Rodriguez's alleged failure to arbitrate claims pursuant to an arbitration agreement. Dkt. No. 3. On February 1, 2023, *in lieu* of responding to CVS's Motion to Dismiss, Rodriguez filed an Amended Complaint. Dkt. No. 6. Thereafter, on February 7, 2023, the Court entered an Order denying the Motion to Dismiss as moot. Dkt. No. 7.

On February 13, 2023, Rodriguez filed the instant Motion to Remand. Dkt. No. 8. She argues that the Court lacks subject matter jurisdiction because the amount in controversy does not exceed the $75,000 threshold to establish diversity jurisdiction. *Id*. Further, she contends that CVS's notice of removal is procedurally defective, warranting a remand to state court. *Id*. On March 3, 2023, CVS responded that the notice of removal establishes that the amount in controversy exceeds the jurisdictional requirement. Dkt. No 11. CVS stated that Rodriguez's post-removal attempt to reduce the amount in controversy by way of stipulation is futile. *Id*. In addition, CVS asserted that Rodriguez's contentions as to procedural defects are untimely and insufficient. *Id*. On March 7, 2023, Rodriguez supplemented her Motion to Remand, attaching and incorporating an affidavit and stipulation regarding damages. Dkt. No. 12.[1] Rodriguez also filed a reply in support of her motion. Dkt. No. 13.

On February 14, 2023, CVS filed its Motion to Dismiss. Dkt. No. 9. CVS reiterated its argument that Rodriguez's claims must be dismissed or, in the alternative, stayed pursuant to an arbitration agreement between the parties. *Id*. CVS attached as an exhibit the arbitration agreement, which states:

> Under this Agreement, [Rodriguez] and CVS agree that any dispute between [Rodriguez] and CVS that is covered by this

---

[1] The document bears the caption for the state case. However, it was executed following removal of the case to federal court, on February 22, 2023.

2

> Agreement ("Covered Claims") will be decided by a single arbitrator through final and binding arbitration only and will not be decided by a court or jury or any other forum, except as otherwise provided in this Agreement . . . Except as otherwise stated in this Agreement, Covered Claims are any and all claims, disputes or controversies that CVS may have, now or in the future, against [Rodriguez] or that [Rodriguez] may have, now or in the future, against CVS or one of its employees or agents, arising out of or related to [Rodriguez's] employment with CVS or the termination of [Rodriguez's] employment. Covered Claims include but are not limited to disputes regarding wages and other forms of compensation, hours of work, meal and rest break periods, seating, expense reimbursement, leaves of absence, harassment, discrimination, retaliation and termination arising under the Civil Rights Act of 1964, Americans with Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act ("ERISA"), Genetic Information Non-Discrimination Act, and other federal, state and local statutes, regulations and other legal authorities relating to employment. Covered Claims also include disputes arising out of or relating to the validity, enforceability or breach of this Agreement.

Dkt. No. 9-1 at 8. On March 7, 2023, Rodriguez responded that the motion must be denied and the case should be remanded to state court. Dkt. No. 14.

### III. Legal Standards

#### A. Removal and Procedural Defects

The party removing an action bears the burden of establishing that federal jurisdiction is present. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). All doubts concerning whether removal jurisdiction is proper must be resolved in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Pursuant to 28 U.S.C. § 1332, a federal court will not have subject matter jurisdiction unless: (1) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

3

costs," and (2) complete diversity of citizenship is present between the parties. 28 U.S.C. § 1332.

With respect to the amount-in-controversy requirement, the sum demanded by the plaintiff in her original petition generally controls if made in good faith. 28 U.S.C. § 1446(c)(2). Notwithstanding, the amount-in-controversy "should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). If the defendant's amount-in-controversy allegation is contested or questioned, the defendant "can meet its burden of demonstrating the amount in controversy by showing that the amount is 'facially apparent' from the plaintiffs' pleadings alone, or by submitting summary-judgment-type evidence." *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015) (citations omitted). If state law does not permit the plaintiff to demand a specific sum,[2] the defendant must establish that the amount-in-controversy exceeds $75,000, by a preponderance of the evidence. *Id*.

In evaluating the amount in controversy, the court may only consider damages claimed at the time of removal, which "cannot be based simply on conclusory allegations." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). The fact that "the removing party bears the burden of proving the amount in controversy does not mean that the removing party cannot ask the court to make common-sense inferences about the amount put at stake by the injuries the plaintiffs claim." *Robertson*, 814 F.3d at 240 (internal citation omitted).

---

[2] "The Texas Rules of Civil Procedure list damage ranges and require that plaintiffs plead the range their action falls under. Tex. R. Civ. P. 47(c)." *Jordan v. Chevron U.S.A., Inc.*, No. CV-H-18-3496, 2018 WL 5723148, at *2.

4

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). "[A]ll removal defects are waivable except for lack of original subject matter jurisdiction." *In re Digicon Marine, Inc.*, 966 F.2d 158, 160 (5th Cir. 1992). "[A] plaintiff waives his right to remand on the basis of procedural defects—like untimely removal—if he fails to file a motion to remand on that basis within thirty (30) days after notice of removal is given." *Tommaso v. State Farm Lloyds*, No. 15-274, 2016 WL 6883042, at *1 (S.D. Tex. Sept. 28, 2016).

### B. Federal Rule of Civil Procedure 12(b)(1) and 12(b)(3)[3]

"Federal courts are courts of limited jurisdiction." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (internal citation omitted). The party asserting jurisdiction "constantly bears the burden of proof" to show that jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citations omitted). The Court will generally accept as true all "well-pleaded allegations set forth in the complaint and construe those allegations in the light most favorable to the plaintiff." *Kumar v. Frisco Indep. Sch. Dist.*, 443 F. Supp. 3d 771, 777-78 (E.D. Tex. 2020) (internal citation omitted).

Pursuant to Federal Rule of Civil Procedure 12(b)(3), a party may move for dismissal based on improper venue. Fed. R. Civ. P. 12(b)(3). Similarly, "on a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Braspetro*

---

[3] CVS moves to dismiss under Federal Rule of Civil Procedure 12(b)(1). The Court notes that the Fifth Circuit has not definitely answered which is the proper rule for a motion to dismiss based on an arbitration clause. *McDonnel Grp., L.L.C. v. Great Lakes Ins. SE, UK Branch*, 923 F.3d 427, 430 n.5 (5th Cir. 2019) ("Our court has not decided whether Rule 12(b)(1) or 12(b)(3) is the proper vehicle for a motion to dismiss based on an arbitration provision.") (internal citations omitted).

5

*Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007). The plaintiff maintains the burden of demonstrating that venue is proper. *Am. Gen. Life Ins. Co. v. Rasche*, 273 F.R.D. 391, 396 (S.D. Tex. 2011).

### C. Federal Arbitration Act

Pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq*. ("FAA"), "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "In adjudicating a motion to compel arbitration under the Federal Arbitration Act, courts generally conduct a two-step inquiry." *Webb v. Investacorp. Inc.*, 89 F.3d 252, 258 (5th Cir. 1996). Courts must evaluate: (1) "whether the parties agreed to arbitrate the dispute in question," and (2) "whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims." *Id.* (internal citation omitted).

To determine whether the parties agreed to arbitrate a dispute, courts consider: "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute falls within the scope of that arbitration agreement." *Gross v. GGNSC Southaven, L.L.C.*, 817 F.3d 169, 176 (5th Cir. 2016) (internal citation omitted). As to the second factor in the analysis—whether legal constraints external to an arbitration agreement foreclose the arbitration of a dispute—courts evaluate "whether any federal statute or policy renders the claims nonarbitrable." *Polyflow, L.L.C. v. Specialty RTP, L.L.C.*, 993 F.3d 295, 302 (5th Cir. 2021) (internal citation omitted).

## IV. Discussion

**A. Motion to Remand**

1. Amount in Controversy

Rodriguez argues that the case should be remanded because CVS has not met its burden to show that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Specifically, Rodriguez states:

> Plaintiff has . . . simplified this Court's deliberations on whether to remand this case to state court by virtue of the fact that Plaintiff has executed an Affidavit and Stipulation wherein she makes certain that her damages do not exceed $74,999.00 and that she will not be seeking nor accepting any award over this amount, thereby removing any doubt whatsoever about the amount of damages in controversy in this case.

Dkt. No. 13 at 1.  Rodriguez further contends that, even absent the stipulation, CVS has not met its burden in demonstrating the amount in controversy.

CVS responds that a post-removal stipulation of damages does not destroy diversity jurisdiction because Rodriguez did not provide this stipulation with her Original Petition or prior to removal.  CVS adds that it demonstrated that the amount in controversy exceeded $75,000 when it filed its notice of removal, since Plaintiff's Original Petition seeks recovery for various categories of damages, including backpay totaling approximately $59,787.20, plus compensatory damages for emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, punitive damages, and attorney's fees.  Rodriguez counters that CVS's estimation is speculative and does not account for the fact that she mitigated damages as to backpay.

CVS is correct.  Removal was proper at the time it filed its notice of removal. Rodriguez's Original Petition states that she is seeking a variety of damages, including

7

exemplary damages. When determining the amount in controversy, courts should consider each item of damages. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Pursuant to § 41.008(b) of the Texas Civil Practice and Remedies Code, the exemplary damages could result in an award of $200,000. *See* Tex. Civ. Prac. & Rem. Code § 41.008(b) ("Exemplary damages awarded against a defendant may not exceed an amount equal to the greater of: (1)(A) two times the amount of economic damages; plus (B) an amount equal to any noneconomic damages found by the jury, not to exceed $750,000 or (2) $200,000.")

Further, when a case presents a "claim for multiple forms of relief, including punitive damages, [this] suggests that [the plaintiff] is indeed seeking any possible grounds to maximize her recovery up to the cap." *Muniz v. El Paso Marriott*, No. EP-09-cv-2740KC, 2009 WL 4878619, at * (W.D. Tex. Dec. 8, 2009) (citing *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 387-88 (5th Cir. 2009)). Here, Texas Labor Code Section 21.2585(d) under which Rodriguez seeks relief, stipulates the maximum amount of compensatory and punitive damages that a plaintiff may recover based on the size of the employer. Tex. Lab. Code. § 21.2585(d). As such, it can be reasonably inferred that an employer of CVS's size may be subject to an award far greater than the $75,000 minimum based on compensatory and punitive damages. *Id*. Recovery for attorney's fees is also properly included as a component of Rodriguez's damages. Tex. Lab. Code. § 21.259 (providing for attorney's fees).

Courts may also consider summary judgment type evidence pertaining to the amount in controversy. *St. Paul Reinsurance Co.*, 134 F.3d at 1253. CVS notes that, based on Rodriguez's hourly rate, at the time of removal back pay would be worth $59,787.20. CVS states that, in combination with the other damages Rodriguez seeks, the amount in

8

controversy requirement is easily met. Rodriguez argues this calculation does not account for the fact that she mitigated damages by obtaining new employment several months after the alleged termination. However, in combination with the other categories of damages Rodriguez seeks, her claim could easily exceed the $75,000 threshold.

CVS is also correct regarding Rodriguez's recently-filed Affidavit and Stipulation. When a defendant demonstrates that removal was proper, the plaintiff may not obtain remand unless he establishes "to a legal certainty" that his claims do not exceed $75,000. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). "[T]his is not a burden-shifting exercise, rather, the plaintiff must make all the information known *at the time he files the complaint.*" *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002) (emphasis added).

In general, "[a] post-removal stipulation to limit damages to preclude recovery above the federal jurisdictional minimum on remand is ineffective for purposes of seeking remand." *Siegfried v. JPMorgan Chase, N.A.*, No. 1:18-cv-1026-LY, 2019 WL 3816299, at *1-3 (W.D. Tex. May 17, 2019) (citing *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). *See also Alcala v. Allstate Vehicle & Prop. Ins. Co.*, No. 1:22-cv-095, 2022 WL 4239233, at *5-6 (S.D. Tex. Sept. 14, 2022) (explaining that post-removal stipulations may only be used to obtain remand in limited circumstances); *Theriot v. Transamerica Life Ins. Co.*, 354 F. Supp. 3d 713, 720 (E.D. Tex. 2017) ("Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case . . . later filings [are] irrelevant.") (citations omitted). Accordingly, Rodriguez's post-removal stipulation fails to demonstrate that the amount in controversy does not exceed $75,000, exclusive of interests and costs. Thus, the amount-in-controversy requirement has been met.

9

2. Procedural Defects

Rodriguez argues that CVS's notice of removal is procedurally defective because it includes an unwarranted affidavit, declaration, and a copy of the notice that would be filed with the State Court advising that the action was removed. Rodriguez states, "[n]either 28 U.S.C. § 1446(a) nor this Court's Local Rule 81 permit the filing of any of these three documents." Dkt. No. 8 at 8. CVS responds that Rodriguez waived any objections to procedural defects by waiting 33 days to file her motion to remand. CVS further asserts that it is permitted to include summary judgment type evidence in support of its position that the amount in controversy requirement has been met.

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Federal Rule of Civil Procedure 6 sets forth the procedure for computing any time period set forth by the Federal Rules of Civil Procedure, "any local rule or court order, or . . . any statute that does not specify a method of computing time." Fed. R. Civ. P. 6(a). Under the Rule, "[w]hen the period is stated in days or a longer unit of time: (A) exclude the day of the event that triggers the period; (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1).

CVS filed the notice of removal on January 11, 2023. Because the Court excludes from its calculation the day of the event that triggers the period (the date that the notice of removal was filed) and Saturdays and Sundays, Rodriguez's motion to remand for procedural defects was due no later than February 13, 2023. Accordingly, Rodriguez's

10

February 13, 2023 filing was timely and her objections to procedural defects may be considered.

Rodriguez contends that CVS's notice of removal is procedurally defective because it contains content in excess of what the local rule permits. Removing defendants must attach "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). The Local Rules require the removing party to provide "only the following documents: (1) [a]ll executed process in the case; (2) [p]leadings asserting causes of action . . .; (3) [a]ll orders signed by the state judge; (4) [t]he docket sheet; (5) [a]n index of matters being filed; and (6) [a] list of all counsel of record." LR 81. While "28 U.S.C. § 1446(a) provides a floor—a bare minimum for what a defendant's notice of removal must contain . . . [i]t does not provide a ceiling. The language of Local Rule 81 does, however, provide a ceiling." *Banik v. Tamez*, No. 7:16-cv-462, 2016 WL 6122729, at *8 (S.D. Tex. Oct. 20, 2016).

CVS included an affidavit, a declaration, and a copy of the notice that it would file with the state court, which do not fall into any category listed by Local Rule 81. Notwithstanding, the Court finds that remand is not warranted on this basis since Local Rule 81 does not call for remand as the remedy for such violation. In addition, courts often consider summary judgment type evidence in dealing with motions to remand. In such case, the Court may have access to affidavits or declarations from the parties. "It makes no sense to punish a defendant with remand simply for providing what the Court may ultimately need to do its job." *Id*. Accordingly, Rodriguez's Motion to Remand should be denied.

### B. Motion to Dismiss

CVS argues that: (1) there is a valid agreement to arbitrate and (2) the dispute in question falls within the agreement. Critically, Rodriguez does not dispute the validity or scope of the arbitration agreement. Instead, she argues that "this case must be remanded to state court, and Defendant's Motion to Dismiss or Stay Proceedings must, therefore, be denied as moot. Alternatively, should the Court not grant remand, Defendant's Motion to Dismiss or Stay Proceedings must, at this time, be denied because it is not ripe for hearing." Dkt. No. 14 at 1-2.

As the Court has determined Rodriguez's Motion to Remand should be denied, CVS's Motion to Dismiss is now ripe for review. The agreement signed by Rodriguez provides that any dispute between the parties arising out of her employment shall be determined via arbitration. Because Rodriguez has agreed to submit her claims to arbitration and the validity and scope of the arbitration agreement are not in question, in consideration of the applicable law, the Court finds that her claims should be submitted to arbitration.

CVS contends that the Court should exercise its discretion to dismiss the claims against it in favor of arbitration. A court may dismiss an action with prejudice, rather than stay it, when all claims are subject to arbitration. *Johnson v. Conifer Health Solutions*, No. 4:20-cv-767-SDJ-CAN, 2021 WL 2229734, at *11 (E.D. Tex. May 7, 2021) (internal citations omitted). If "retaining jurisdiction and staying the action will serve no purpose", the case should be dismissed. *The Shipman Agency, Inc. v. TheBlaze Inc.*, 315 F. Supp. 3d 967, 976 (S.D. Tex. 2018). The Court finds that a stay would serve no purpose in this case. Therefore, it is recommended that the case be dismissed with prejudice.

## V.  Recommendation

For the foregoing reasons, it is recommended that the Court: (1) **DENY** Plaintiff's Motion to Remand; (2) **GRANT** Defendant's Motion to Dismiss; (3) **DISMISS** all of Plaintiff's claims; and (4) **DIRECT** the Clerk of Court to **CLOSE** this case.

## VI.  Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SIGNED** on this **26th** day of **April, 2023**, at Brownsville, Texas.

**Ignacio Torteya, III**
**United States Magistrate Judge**